Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Lynda Robson**; an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | |
| **Sonoran Coffee and Baked Goods Company, LLC**, an Arizona company and **Cynthia Deltondo,** an Arizona resident; | **VERIFIED COMPLAINT** |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Lynda Robson, for her Verified Complaint against Defendants Sonoran Coffee and Baked Goods Company, LLC and Cynthia Deltondo, hereby allege as follows:

## NATURE OF THE CASE

1.      Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2.      This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the

FLSA.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

5.     At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

6.     Plaintiff has been a full-time employee of Defendants from in or around May 3, 2015 until in or around November 15, 2018.

7.     At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

8.     Defendant Sonoran Coffee and Baked Goods Company, LLC is a company authorized to do business in Arizona, and is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9.     Defendant Cynthia Deltondo is an Arizona resident.

10.    Defendant Cynthia Deltondo has directly caused events to take place giving rise to this action.

11.    Defendant Cynthia Deltondo is the District Manager of Sonoran Coffee and Baked Goods Company, LLC.

12.    Defendant Cynthia Deltondo has been at all relevant times Plaintiff's

employer as defined by 29 U.S.C. § 203(d).

13. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Cynthia Deltondo is an employer.

14. Defendant Cynthia Deltondo had the authority to hire and fire employees.

15. Defendant Cynthia Deltondo supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

16. Defendant Cynthia Deltondo determined the rate and method of Plaintiff's payment of wages.

17. Defendant Cynthia Deltondo maintained employment records in connection with Plaintiff's employment.

18. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Cynthia Deltondo is subject to individual and personal liability under the FLSA.

19. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20. Defendants, and each of them, are sued in both their individual and corporate capacities.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. Plaintiff, in her work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

23. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

## FACTUAL ALLEGATIONS

26. Defendants, together, are a fast food restaurant.

27. In or around May 3, 2015, Plaintiff commenced employment with Defendants as a cashier.

28. Plaintiff's primary job duties included taking food orders, running the cash register, cleaning, and other customer service needs.

29. From in or around May 2015 until in or around October 2015, Plaintiff was a non-exempt employee paid a rate of $8.15 an hour.

30. From in or around November 2015 until in or around February 2016, Plaintiff was a non-exempt employee paid a rate of $8.50 an hour.

31. From in or around February 2016 until in or around September 2016, Plaintiff was a non-exempt employee paid a rate of $9.50 an hour.

32. From in or around September 2016 until in or around December 2016, Plaintiff was a non-exempt employee paid a rate of $10.00 an hour.

33. From in or around January 2017 until in or around March 2017, Plaintiff was a non-exempt employee paid a rate of $11.00 an hour.

34. From in or around March 2017 until in or around July 2017, Plaintiff was a

non-exempt employee paid a rate of $11.50 an hour.

35. From in or around August 2017 until in or around November 2017, Plaintiff was a non-exempt employee paid a rate of $12.00 an hour.

36. From in or around November 2017 until in or around January 2018, Plaintiff was a non-exempt employee paid a rate of $11.50 an hour.

37. From in or around January 2018 until in or around September 2018, Plaintiff was a non-exempt employee paid a rate of $12.00 an hour.

38. From in or around September 2018 until in or around November 2018, Plaintiff was a non-exempt employee paid a rate of $12.50 an hour.

39. Between in or around May 3, 2015 until in or around November 15, 2018, Defendants failed to properly compensate Plaintiff for all her overtime hours.

40. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

41. For example, the last two workweeks of October 2018, Plaintiff worked around 65 hours a week and was only compensated for around 50 hours.

42. Plaintiff estimates that she worked an average of around 40-70 hours a week.

43. Plaintiff would turn in timesheets and management would change her timesheets to equal 40 or less hours.

44. Therefore, Plaintiff worked off the clock hours without being compensated for those worked hours.

45. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required her to work overtime as a condition of her employment.

46. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

47. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

48. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

49. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

50. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

51. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

52. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

53. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

54. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

55. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

56. Defendants' actions in failing to compensate Plaintiff, in violation of the

FLSA, were willful.

57. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek.

58. Defendants have not made a good faith effort to comply with the FLSA.

59. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 2, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Lynda Robson

**<u>VERIFICATION</u>**

Plaintiff Lynda Robson declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Lynda Robson